***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 *********** EVIDENTIARY MATTERS
At the hearing before the deputy commissioner, plaintiff submitted the following: *Page 2 
 a. An Affidavit Regarding a Return of Service for Subpoena Served on Ms. Tracy Glenn, which was admitted into the record and marked as Plaintiff's Exhibit (1);
 b. Defendants' (Travelers) Answers to Interrogatories, which were admitted into the record evidence and collectively marked as Plaintiff's Exhibit (2);
 c. Defendants' (Self-Insured ESIS/ACE-USA) Response to Plaintiff's Second Set of Interrogatories, which were admitted into the record and collectively marked as Plaintiff's Exhibit (3);
 d. An Employee Transfer Form, which was admitted into the record and marked as Plaintiff's Exhibit (4);
 e. A Box Machine Operator Job Description, which was admitted into the record and marked as Plaintiff's Exhibit (5);
 f. A Bartelt Feeder Job Description, which was admitted into the record and marked as Plaintiff's Exhibit (6);
 g. An Employee Injury Report, which was admitted into the record and marked as Plaintiff's Exhibit (7);
 h. A Transcript of Plaintiff's Recorded Statement, which was admitted into the record and marked as Plaintiff's Exhibit (8);
 i. Plaintiff's Answers to Defendants (Travelers) Interrogatories, which were admitted into the record and collectively marked as Plaintiff's Exhibit (9);
 j. Plaintiff's Answers to Defendants' (ESIS/ACE-USA) Interrogatories, which were admitted into the record and collectively marked as Plaintiff's Exhibit (10); *Page 3 
 k. Plaintiff's Amended Answers to Defendants' (ESIS/ACE-USA) Interrogatories, which were admitted into the record and collectively marked as Plaintiff's Exhibit (11);
 l. A Packet of Handwritten Records of Defendant-Employer Plant Nurse, which was admitted into the record and marked as Plaintiff's Exhibit (12);
 m. Plaintiff's Amended Answer to Interrogatory (3), admitted into evidence and marked as Plaintiff's Exhibit (13).
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. On all relevant dates the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates plaintiff was an employee of defendant.
3. Travelers was the carrier on the risk for defendant during the period January 1, 2005 through June 1, 2006.
4. Defendant ESIS/ACE-USA is the adjusting agent for defendant, which became self-insured on June 2, 2006 and continuing through the present.
5. Plaintiff's average weekly wage is $695.93, which yields a compensation rate of $463.75.
6. Plaintiff alleges that by January 1, 2006 she contracted compensable occupational diseases of left carpal tunnel syndrome and left long trigger finger pursuant to N.C. Gen. Stat. § 97-53(13) arising out of and in the course of her employment with defendant. *Page 4 
7. Defendant paid plaintiff weekly short-term disability benefits during the period August 2006 through October 2006 totaling $3,060.04 for which it is entitled to a credit under N.C. Gen. Stat. § 97-42.
8. At the hearing before the deputy commissioner the parties submitted the following:
 a. A packet of Industrial Commission Forms and Filings, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. A packet of medical records for the period prior to 1 January 2006, which was admitted into the record and marked as Stipulated Exhibit (3), and;
 c. A packet of medical records for the period after 1 January 2006, which was admitted into the record and marked as Stipulated Exhibit (4).
9. The issues to be determined are as follows:
 a. Whether plaintiff contracted the compensable occupational diseases of left carpal tunnel syndrome and left long trigger finger and if so, which carrier is on the risk;
 b. Whether plaintiff's claim is barred by the applicable statute of limitations;
 c. Whether defendant-employer has defended plaintiff's claim without reasonable ground in violation of N.C. Gen. Stat. § 97-88.1, and;
 d. Whether plaintiff filed this claim and went to hearing against Travelers Insurance Company without reasonable grounds in violation of N.C. Gen. Stat. § 97-88.1.
 *********** *Page 5 
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is fifty (50) years of age, with a date of birth being July 2, 1957. Plaintiff is a high school graduate who began working for defendant on August 2, 1984.
2. Defendant is a manufacturer of smokeless tobacco products including loose-leaf tobacco, moist snuff packaged in cans, and hard chew that comes in a plug which is packaged in a pouch or wrapped in cellophane.
3. From August 1984 to February 1986, plaintiff worked as a spare packer/pouch dumper. From February 1986 to January 1987, plaintiff worked as a Bartelt Operator. In January 1987, plaintiff began working as a Packer and remained in that position until July 1992. In July 1992, plaintiff returned to work as a Bartelt Operator and remained in that position until October 1995. In October 1995, plaintiff was transferred and became an inspector, where she remained until December 1997. In December 1997, plaintiff began working a hybrid job as an inspector and Bartelt Operator. Plaintiff performed these two functions until December 2004. From that time forward, plaintiff has worked as a Box Machine Operator, a Bartelt Feeder, and a spare operator. Although plaintiff had official job titles for varying periods of time, she also alternated between jobs due to changing manpower availability and changing production needs.
4. Plaintiff, who is left hand dominate, worked for defendant at least forty-five (45) weeks during each calendar year. Within each week, plaintiff usually worked 4 to 5 days for approximately 8 hours per day with at least two 15-minute rest breaks and a 30-minute lunch break. Plaintiff's work was not subject to a production requirement, but was rather self-paced. *Page 6 
5. In the performance of her duties for defendant, plaintiff used her left hand and wrist frequently and repetitively with required movements such as twisting, rotating, pushing, pulling, grabbing, squeezing, flexing, and extending.
6. On different occasions in 1995, plaintiff reported experiencing left hand and wrist pain to defendant's plant nurse. In February 2005, plaintiff was examined by Dr. Hudson, her primary care physician, and likewise reported experiencing left hand numbness and tingling for which she was prescribed a left wrist splint.
7. In January 2006, plaintiff returned to Dr. Hudson and reported experiencing left wrist pain and weakness. Dr. Hudson then referred plaintiff to Dr. G. Frank Crowell, a neurologist, for a nerve conduction study of plaintiff's left wrist. On February 13, 2006, Dr. Crowell interpreted plaintiff's nerve conduction study to reveal that she had moderate left carpal tunnel syndrome.
8. On March 27, 2006, upon the referral of Dr. Hudson, plaintiff was examined by Dr. Gregg E. Cregan, a hand specialist. Plaintiff reported to Dr. Cregan that for approximately eighteen months she had been experiencing severe left wrist pain and numbness and tingling in her fingers, which woke her at night. Plaintiff also reported a catching type sensation in her left middle finger and the inability to extend that finger. Dr. Cregan diagnosed plaintiff as having left carpal tunnel syndrome and left long trigger finger for which he prescribed arthroscopic releases.
9. On August 10, 2006, Dr. Cregan performed a left carpal tunnel release as well as a left long finger release on plaintiff's left hand and wrist.
10. Dr. Cregan opined that plaintiff's employment with defendant caused or significantly contributed to the development of her left carpal tunnel syndrome and left middle *Page 7 
trigger finger condition. Additionally, Dr. Cregan opined that plaintiff's employment with defendant exposed her to an increased risk of developing her left carpal tunnel syndrome and left middle trigger finger condition as compared to members of the general public not so exposed.
11. Based on the credible lay and medical evidence of record, the undersigned find that plaintiff's employment with defendant caused or significantly contributed to the development of her left carpal tunnel syndrome and left middle trigger finger condition. Additionally, based upon the credible lay and medical evidence of record, the undersigned find that plaintiff's employment with defendant exposed her to an increased risk of developing her left carpal tunnel syndrome and left middle trigger finger condition as compared to members of the general public not so exposed.
12. Through August 9, 2006, plaintiff continued performing her regular duties for defendant. Until that date, the credible evidence of record is that plaintiff's symptoms continued to worsen. Additionally, Dr. Cregan has opined that the last day plaintiff worked for defendant would be the last day she was exposed to the hazards of carpal tunnel syndrome.
13. Plaintiff was last injuriously exposed to the hazards of carpal tunnel syndrome and left middle trigger finger condition in her employment with defendant on August 9, 2006, at which time defendant was self-insured, with ESIS/ACE-USA acting as the servicing agent.
14. Based upon the credible medical and vocational evidence of record, and as a result of plaintiff's occupational diseases, plaintiff was unable to earn any wages in her normal position with defendant or in any other employment for the period of August 10, 2006 through October 22, 2006. *Page 8 
15. On October 23, 2006 plaintiff returned to work for defendant at her regular rate of pay.
16. On April 16, 2007, plaintiff reached maximum medical improvement for her conditions and Dr. Cregan assigned a ten-percent (10%) permanent partial disability rating to plaintiff's left hand.
17. On September 1, 2006 plaintiff filed an Industrial Commission Form 18 alleging that on or about January 1, 2006 she contracted bilateral carpal tunnel syndrome as the result of her employment with defendant. Plaintiff later withdrew her claim for right carpal tunnel syndrome.
18. Medical records from a February 10, 2005 examination of plaintiff by Dr. Hudson reflect that plaintiff reported experiencing symptoms related to carpal tunnel syndrome following activities at work. However there is no evidence that Dr. Hudson informed plaintiff that her condition was work-related. Plaintiff contends that she was first informed by a competent medical professional of the possible work-related nature of her left carpal tunnel syndrome on April 16, 2007 by Dr. Cregan. Regardless of whether plaintiff first learned of her work related occupational disease by competent medical authority on February 10, 2005 or April 12, 2007, plaintiff's claim is not time barred under N.C. Gen. Stat. § 97-58.
19. There is insufficient evidence of record upon which to find that defendant, Travelers' or ESIS/ACE-USA's defense of and actions in this claim were unreasonable or indicative of stubborn unfounded litigiousness.
20. There is insufficient evidence of record upon which to find that plaintiff's pursuit of this claim was unreasonable or indicative of stubborn unfounded litigiousness.
 *********** *Page 9 
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Based upon the credible evidence of record, plaintiff's claim is not time barred under the provisions of N.C. Gen. Stat. § 97-58.
2. Based on the credible lay and medical evidence of record, plaintiff's employment with defendant caused or significantly contributed to the development of her left carpal tunnel syndrome and left middle trigger finger condition. Additionally, based upon the credible lay and medical evidence of record, plaintiff's employment with defendant exposed her to an increased risk of developing her left carpal tunnel syndrome and left middle trigger finger condition as compared to members of the general public not so exposed. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff was last injuriously exposed to the hazards of carpal tunnel syndrome in her employment with defendant on August 9, 2006, at which time defendant was self-insured, with ESIS/ACE-USA acting as the servicing agent. N.C. Gen. Stat. § 97-57.
4. Based upon the credible medical and vocational evidence of record, and as a result of her occupational diseases, plaintiff is entitled to be paid by defendant and ESIS/ACE-USA total disability compensation at the rate of $463.75 per week for the period of August 10, 2006 through October 22, 2006. N.C. Gen. Stat. § 97-29.
5. As the result of her carpal tunnel syndrome and related surgery, plaintiff is entitled to be paid by defendant and ESIS/ACE-USA permanent partial disability compensation at the rate of $463.75 per week for a period of twenty (20) weeks for the ten percent (10%) permanent partial disability rating to her left hand. N.C. Gen. Stat. § 97-31(12). *Page 10 
6. Defendant paid plaintiff weekly short-term disability benefits during the period August 2006 through October 2006 totaling $3,060.04 for which it is entitled to a credit pursuant to N.C. Gen. Stat. § 97-42.
7. Plaintiff is entitled to have defendant and ESIS/ACE-USA pay for all related medical expenses incurred or to be incurred as the result of her occupational diseases, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the surgery performed by Dr. Cregan. N.C. Gen. Stat. §§ 97-25; 97-25.1.
8. As there is insufficient evidence of record upon which to find that defendant, Travelers or ESIS-ACE-USA's defense of and actions in this claim were unreasonable or indicative of stubborn unfounded litigiousness, plaintiff is not entitled to the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
9. Because there is insufficient evidence of record upon which to find that plaintiff's pursuit of this claim was unreasonable or indicative of stubborn unfounded litigiousness, defendant is not entitled to the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
10. The Full Commission concludes that plaintiff's attorney is entitled to a reasonable attorney's fee for the appeal of this matter to the Full Commission. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant and ESIS/ACE-USA shall pay to plaintiff total disability compensation at the rate of $463.75 per week for the period of August 10, 2006 through October 22, 2006. *Page 11 
Having accrued, this compensation shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein and the credit due defendants for short term disability payments.
2. Defendant and ESIS/ACE-USA shall pay to plaintiff permanent partial disability compensation at the rate of $463.75 per week for a period twenty (20) weeks based upon plaintiff's ten percent (10%) rating to her left hand. Having accrued, this compensation shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein and the credit due defendants for short term disability payments.
3. Defendant and ESIS/ACE-USA is entitled to a credit in the amount of $3,060.04 for the shot-term disability benefits paid to plaintiff.
4. Defendant and ESIS/ACE-USA shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of her occupational diseases, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the surgery performed by Dr. Cregan.
5. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. From the compensation having accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff.
6. Defendant and ESIS/ACE-USA shall pay plaintiff's counsel a reasonable attorney's fees to be determined by the Full Commission for the appeal of this matter to the Full Commission. Plaintiff's attorney is hereby ordered to provide an affidavit of hours spent on the appeal of this matter to the Full Commission.
7. Defendant and ESIS/ACE-USA shall pay the costs, including an expert witness fee to Dr. Cregan in the amount of $600.00.
 This the 15th day of May 2008. *Page 12 
S/________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/________________ CHRISTOPHER SCOTT COMMISSIONER
 S/________________ PAMELA T. YOUNG CHAIR *Page 1